UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. _____

ROBERTO CABRERA, and other similarly )
situated individuals, )
 )
        Plaintiffs, )
 )
v. )
 )
PARAMOUNT PROPERTY )
MAINTENANCE LLC, RAFAEL A. )
CADENA and HUMBERTO CASTELAN, )
 )
        Defendants. )
 )

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

The Plaintiffs, ROBERTO CABRERA and other similarly situated individuals, sue the Defendants, PARAMOUNT PROPERTY MAINTENANCE LLC, RAFAEL CADENA and HUMBERTO CASTELAN, and allege:

    1.    This is an action to recover money damages for unpaid overtime wages and for retaliation under the laws of the United States and of the State of Florida (Florida Statutes Section 440.205). This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

    2.    The Court has supplemental jurisdiction over the state law claim for retaliatory discharge because the facts regarding Plaintiff's state law claims are so related to the Federal claims that they form part of the same case or controversy.

3. Plaintiff, ROBERTO CABRERA ("CABRERA" or "Plaintiff"), is a resident of Broward County, Florida, within the jurisdiction of this Honorable Court. CABRERA is a covered employee for purposes of the Act.

4. Defendants, PARAMOUNT PROPERTY MAINTENANCE LLC ("Paramount"), RAFAEL CADENA ("Cadena") and HUMBERTO CASTELAN ("Castelan") (collectively, the "Defendants"), are a Florida profit company and Florida residents, respectively, having their main place of business in Broward County, Florida, and at all times material hereto were and are engaged in interstate commerce. Cadena and Castelan, upon information and belief, live in Broward County, Florida.

5. Paramount is an enterprise owned or controlled by Cadena and Castelan.

6. Paramount is under the administration and control of Cadena and Castelan.

## COUNT I: WAGE AND HOUR FEDERAL (FLSA) STATUTORY VIOLATION BY *CABRERA* AGAINST *PARAMOUNT*

7. CABRERA re-adopts each and every factual allegation as stated in paragraphs 1 through 6 above as if set out in full herein.

8. This action is brought by CABRERA, and those similarly situated, to recover from Paramount unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and also under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states: "No employer shall employ any of his employees … for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

9. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Paramount is and, at all times pertinent to this complaint, was engaged in

interstate commerce. At all times pertinent to this complaint, Paramount operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and from outside of the United States, and also provides its services for goods sold and transported from across state lines of other states, and Paramount obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees and customers. Upon information and belief, the annual gross revenue of Paramount was at all times material hereto in excess of $500,000.00 per annum, and/or CABRERA, and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

10. By reason of the foregoing, Paramount is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or CABRERA, and those similarly situated, were engaged in interstate commerce for Paramount. Paramount's business activities involve those to which the Act applies. Paramount is a maintenance company and, through its business activity, affects interstate commerce. CABRERA's work for Paramount likewise affects interstate commerce. CABRERA was employed by Paramount as a maintenance worker for Paramount' business.

11. While employed by Paramount, CABRERA routinely worked in excess of 40 hours per week without being compensated at a rate of not less than one and one half times the regular rate at which he was employed. CABRERA was employed as a maintenance worker, performing the same or similar duties as that of those other similarly situated maintenance

workers whom CABRERA observed working in excess of 40 hours per week without overtime compensation.

12. CABRERA was paid approximately $12 per hour by Defendants.

13. From 2014 through 2015, Plaintiff worked approximately 50 hours per week for Paramount and this defendant paid Plaintiff straight wages only.

14. Beginning in 2015, Plaintiff worked approximately 50 hours per week for Paramount and this defendant began paying Plaintiff, *some* overtime, but not all overtime worked by Plaintiff.

15. On or about June 22, 2016, Plaintiff was injured at work. Due to his injury, Plaintiff did not work for Defendants for approximately 5 months. After being absent for approximately 5 months, Plaintiff worked little overtime for Defendants.

16. Plaintiff does not claim that he is owed overtime during the five-month period after his work-related injury.

17. CABRERA seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years preceding the date of the filing of this complaint.

18. Prior to the completion of discovery and to the best of CABRERA's knowledge, at the time of the filing of this complaint, CABRERA's good faith estimate of his unpaid wages is as follows:

    a. **Overtime Wages**

        i. 2014-2015

           $12 x .5 (unpaid overtime rate) x 10 (approximate overtime hours) x 52 weeks = $3,120

        ii. 2015-2016

$12 x .5 (unpaid overtime rate) x 3 (approximate overtime hours) x 20 weeks = $360

b. **Liquidated Damages**: $3,480

c. **Grand Total**: $6,960

19. At all times material hereto, Paramount failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that CABRERA, and those similarly situated, performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Paramount to properly pay them at the rate of time and one half for all hours worked in excess of 40 hours per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Paramount who are and who were subject to the unlawful payroll practices and procedures of Paramount and were not properly paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of 40 per week.

20. Paramount knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing CABRERA, and those similarly situated, these overtime wages since the commencement of CABRERA's, and those similarly situated employees' employment with Paramount as set forth above, and CABRERA, and those similarly situated, are entitled to recover double damages. Paramount never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime wage payments.

21. Paramount willfully and intentionally refused to pay CABRERA overtime wages as required by the laws of the United States as set forth above and remains owing CABRERA these overtime wages since the commencement of CABRERA's employment with Paramount as set forth above.

22. Paramount willfully and intentionally failed to keep records of all hours worked by CABRERA and of all payments made to CABRERA pursuant to the Act and the Code of Federal Regulations.

23. CABRERA has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, CABRERA and those similarly situated request that this Honorable Court:

A. Enter judgment for CABRERA and others similarly situated and against Paramount on the basis of Paramount's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award CABRERA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty per week, with interest; and

C. Award CABRERA an equal amount in double damages/liquidated damages; and

D. Award CABRERA reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

CABRERA and those similarly situated demand trial by jury of all issues triable as of right by jury.

## COUNT II: WAGE AND HOUR FEDERAL (FLSA) STATUTORY VIOLATION BY *CABRERA* AGAINST *CADENA* AND *CASTELAN*

24. CABRERA re-adopts each and every factual allegation as stated in paragraphs 1 through 23 above as if set out in full herein.

25. At the times mentioned, Cadena and Castelan were, and are now, the President/Officer/Director and/or owner of Paramount. Cadena and Castelan were each an employer of CABRERA and others similarly situated within the meaning of Section 3(d) of the Act in that Cadena and Castelan acted directly in the interests of Paramount in relation to its employees, including CABRERA and others similarly situated. Cadena and Castelan had operational control of the business and are jointly and severally liable for CABRERA's damages.

26. Cadena and Castelan were and are, at all times relevant, persons in control of Paramount's financial affairs and could cause Paramount to compensate (or not to compensate) its employees in accordance with the Act.

27. Cadena and Castelan willfully and intentionally caused CABRERA not to receive overtime compensation as required by the laws of the United States as set forth above and remain owing CABRERA these overtime wages since the commencement of CABRERA's employment with Paramount as set forth above.

28. CABRERA has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, CABRERA and those similarly situated request that this Honorable Court:

A. Enter judgment for CABRERA and others similarly situated and against Cadena and Castelan on the basis of Cadena's and Castelan's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award CABRERA actual damages in the amount shown to be due for unpaid wages, with interest plus reimbursement of expenses; and

C. Award CABRERA an equal amount in double damages/liquidated damages; and

D. Award CABRERA reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## **JURY DEMAND**

CABRERA and those similarly situated demand trial by jury of all issues so triable as of right.

## **COUNT III: RETALIATORY DISCHARGE UNDER 440.205, FLORIDA STATUTES (PARAMOUNT ONLY)**

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-6 above as if set out in full herein.

30. This is an action for wrongful, retaliatory discharge of an employee in violation of Section 440.205 of the Florida Statutes.

31. This is an action for damages that exceeds $15,000.00 exclusive of interest, attorney's fees and costs.

32. The Defendant is a Florida corporation duly organized and existing under the laws of the State of Florida and conducting business in Broward County, Florida.

33. The acts or omissions giving rise to this complaint occurred in whole or in part in Broward County, Florida.

34. All conditions precedent to bringing this action have occurred, been performed or been excused.

35. The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

36. At all times relevant, Plaintiff was employed by the Defendant as a maintenance worker.

37. On or about June 22, 2016, the Plaintiff suffered a work-related injury and injured his left foot. The injury happened while Plaintiff was working for the Defendant.

38. The injury alleged above required medical treatment.

39. After the work-related accident as described above, the Plaintiff reported his injury to the Defendant and requested medical treatment.

40. Plaintiff began receiving medical treatment and continues to receive medical treatment to this date.

41. On or about January 13, 2017, Defendant fired Plaintiff.

42. Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and the sole apparent reason or one of the motivating factors for the termination of Plaintiff's employment was that Plaintiff was continuously seeking or attempting to seek compensation under the Workers' Compensation Law, as Plaintiff was entitled to do.

43. One of the motivating factors which caused the Plaintiff's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq.

44. Alternatively, the Plaintiff would not have been fired but for his claiming or attempt to claim worker's compensation benefits as described above.

45. The Defendant's act of discharging of Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

46. By reason of Defendant's wrongful act as described above, Plaintiff has been damaged in that Plaintiff has suffered lost wages and has suffered emotional distress.

47. The Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendant Paramount for all back wages from the date of discharge and all other damages available under Section 440.205, Florida Statutes; and for any and all other relief that this Court may deem just and proper.

### JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: February 16, 2017.

>By: ___/s/ R. Martin Saenz
>R. Martin Saenz, Esquire
>Fla. Bar No.: 0640166
>Email: msaenz@saenzanderson.com
>SAENZ & ANDERSON, PLLC
>20900 N.E. 30th Avenue, Ste. 800
>Aventura, Florida 33180
>Telephone: (305) 503.5131
>Facsimile: (888) 270.5549